

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 3:21cr85TSL-FKB

CERISSA RENFROE NEAL                        18 U.S.C. § 1014
                                            18 U.S.C. § 3147
                                            18 U.S.C. § 1344
                                            18 U.S.C. § 1001(a)(2)

**The Grand Jury charges:**

<u>COUNT 1</u>
(False Statements in Loan Application: 18 U.S.C. § 1014)

1. At all times relevant to this Indictment, Trustmark Bank was a financial institution as defined in Title 18, United States Code, Section 20, and insured by the Federal Deposit Insurance Corporation.

2. On or about January 19, 2021, in Madison County in the Northern Division of the Southern District of Mississippi, and elsewhere, defendant, **CERISSA RENFROE NEAL**, knowingly made a false statement and report for the purpose of influencing the action of Trustmark Bank, a financial institution as defined in Title 18, United States Code, Section 20, in connection with a loan application, in that the defendant made the false statement, that she was not presently subject to any felony indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, when in truth and in fact, as the defendant, **CERISSA RENFROE NEAL**, well knew, that statement was not true but the truth was instead that she was subject to felony indictment in the case of *United States v. Cerissa Renfroe Neal*, Case no. 3:20-CR-37-TSL-FKB, in the said District.

3. It is further alleged that defendant, **CERISSA RENFROE NEAL**, committed these offenses while she was on release pursuant to an order dated August 19, 2020, from the United States District Court for the Southern District of Mississippi, in *United States v. Cerissa Renfroe Neal*, Case No. 3:20-CR-37-TSL-FKB, which order notified said defendant of the potential effect of committing an offense while on pretrial release, all in violation of Title 18, United States Code, Section 3147.

COUNT 2
(Bank Fraud: 18 U.S.C. § 1344)

4. Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

5. From at least as early as April 2020, the exact date being unknown to the Grand Jury, and continuing through on or about June 30, 2021, in Madison County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **CERISSA RENFROE NEAL**, aided and abetted by others known and unknown to the Grand Jury, did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of, a scheme and artifice to defraud a financial institution, specifically Trustmark Bank, to obtain money, funds, and other property owned by, and under the custody and control of said financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

6. It was the purpose of the scheme and artifice for the defendant and her accomplices to unjustly enrich themselves by misrepresenting defendant's eligibility for PPP Loans under the CARES Act. As part of the scheme and artifice, the defendant would lull the

2

victim bank and continue to defraud the victim bank by falsely stating and confirming in documents submitted to the lending bank, that the defendant, **CERISSA RENFROE NEAL**, was not presently under indictment or criminally charged in any jurisdiction.

7. Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference herein as a description of the scheme and artifice.

8. On or about January 19, 2021, the defendant, **CERISSA RENFROE NEAL**, for the purpose of executing the scheme and artifice to defraud and to obtain moneys, funds, and other property owned by and under the custody of a financial institution, knowingly committed and caused to be committed the completion and submission of a SBA Form 243-SD and a SBA Form 2484-SD, each such form falsely indicating that she was not under indictment, and therefore misrepresenting that she was eligible for loan approval. All in violation of Title 18, United States Code, Sections 1344 and 2.

9. It is further alleged that defendant, **CERISSA RENFROE NEAL**, committed these offenses while she was on release pursuant to an order dated August 19, 2020, from the United States District Court for the Southern District of Mississippi, in *United States v. Cerissa Renfroe Neal*, Case No. 3:20-CR-37-TSL-FKB, which order notified said defendant of the potential effect of committing an offense while on pretrial release, all in violation of Title 18, United States Code, Section 3147.

COUNT 3
(False Statements: 18 U.S.C. § 1001(a)(2))

10. On or about January 19, 2021, in Madison County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **CERISSA RENFROE NEAL**,

3

in a matter within the jurisdiction of Small Business Administration, an agency of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, that is, the defendant, **CERISSA RENFROE NEAL**, falsely stated and represented that she was not presently subject to any felony indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, when in fact, the defendant, **CERISSA RENFROE NEAL**, well knew that statement was not true but the truth was instead that she was subject to felony indictment in the case of *United States v. Cerissa Renfroe Neal*, Case no. 3:20-CR-37-TSL-FKB, in the said District. All in violation of Title 18, United States Code, Section 1001(a)(2).

11. It is further alleged, that defendant, **CERISSA RENFROE NEAL**, committed these offenses while she was on release pursuant to an order dated August 19, 2020, from the United States District Court for the Southern District of Mississippi, in *United States v. Cerissa Renfroe Neal*, Case No. 3:20-CR-37-TSL-FKB, which order notified said defendant of the potential effect of committing an offense while on pretrial release, all in violation of Title 18, United States Code, Section 3147.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the

jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 982(a)(2) and (a)(8); and Title 28, United States Code, Section 2461.

*[signature]*
DARREN J. LAMARCA
Acting United States Attorney

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 10th day of August, 2021.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

5